PAUL L. REIN, Esq. (SBN 43053)
AARON M. CLEFTON, Esq. (SBN 318680)
REIN & CLEFTON, Attorneys at Law
200 Lakeside Drive, Suite A
Oakland, CA  94612
Telephone:	510/832-5001
Facsimile:	510/832-4787
info@reincleftonlaw.com

Attorneys for Plaintiffs
ROBIN DUBNER and SHELLEY SAMUELS

CRIS C. VAUGHAN (SBN 99568)
KHUSHPREET R. MEHTON (SBN 276827)
VAUGHAN & ASSOCIATES LAW OFFICE, APC
6207 South Walnut Street, Suite 800
Loomis, CA 95650
Telephone: (916) 660-9401
Facsimile: (916) 660-9378
cvaughan@adasolutionsgroup.com
kmehton@adasolutionsgroup.com

Attorneys for Defendants
QUINCY FEATHER BED INN, INC.;
COLIN BIRDSEYE; and SHELLEY HUNTER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN DUBNER and SHELLEY SAMUELS,<br><br>　　　Plaintiffs,<br><br>　　v.<br><br>QUINCY FEATHER BED INN, INC.; COLIN BIRDSEYE; and SHELLEY HUNTER,<br><br>　　　Defendants. | No. 2:21-cv-1507 DB<br><br>**CONSENT DECREE AND ORDER FOR INJUNCTIVE RELIEF FOR INJUNCTIVE RELIEF, DAMAGES, AND ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS** |

　　　1.　　Plaintiffs ROBIN DUBNER and SHELLEY SAMUELS filed a Complaint in this action on August 23, 2021, to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California civil rights laws and to obtain recovery of damages for discriminatory experiences, denial of access, and denial of civil

rights against Defendants QUINCY FEATHER BED INN, INC.; COLIN BIRDSEYE; and SHELLEY HUNTER. Plaintiffs have alleged that Defendants violated Title III of the ADA; Sections 51, 52, 54, 54.1, 54.3 and 55, of the California Civil Code; and Health and Safety Code §§ 19953 *et. seq.* by failing to provide full and equal access to patrons of the Quincy Feather Bed Inn located at 542 Jackson Street, Quincy, California. Defendants denied Plaintiffs' allegations.

2. In order to avoid the costs, expense, and uncertainty of protracted litigation, Plaintiffs and Defendants (together sometimes the "Parties") agree to entry of this Consent Decree and Order to resolve all claims regarding injunctive relief, damages, and attorneys' fees, litigation expenses and costs, raised in the Complaint without the need for protracted litigation. Accordingly, the Parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiffs' claims for relief.

**JURISDICTION:**

3. The Parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Civil Code sections 51, 54, and 54.1.

WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provide as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

4. This Order shall be a full, complete, and final disposition and settlement of Plaintiffs' claims against Defendants for injunctive relief that have arisen out of the subject Complaint.

5. The Signing Parties agree and stipulate that any policies adopted shall be carried out in compliance with the standards and specifications for disabled access federal and state accessibility, unless other standards are specifically agreed to in this Consent Decree and Order.

**Physical Barrier Remedial Measures:**

a. Defendants shall install code compliant handrails on all public stairways pursuant to Title-24 of the California Building Code and federal ADAS standards within 12 months of the date of filing of this document with the Court.

**Policy Based Remedial Measures and Administrative Procedures:**

b. Defendants agree that within 30 days from the date of filing this document with the Court, if not already implemented, Defendants will make the following policy commitments:

   i. Defendants shall adopt a policy that allows patrons with disabilities to determine for themselves whether they can use a standard room without accessible features. Defendants shall not deny access to persons with disabilities to standard rooms at the Quincy Featherbed Inn should they elect to reserve those rooms on the basis of their disability. Defendants shall not deny able bodied persons the ability to stay at their premises based on their association with disabled persons, or because they are staying with persons with disabilities. Defendants shall permanently remove any all references to limited access to the property for those with mobility disabilities from their website.

   ii. If there is a customer service issue related to a person with a disability, all staff, managers, and other personnel shall communicate directly with that disabled person(s) to the maximum extent feasible about the concerns, and not with any caregivers, unless they are expressly permitted to communicate with the caregiver by the person with the disability or engaged by the caregiver directly.

   iii. All staff, including managers, will be trained to offer reasonable

        accommodations for disabled persons, including affirmatively inquiring with disabled patrons as to whether they may need any reasonable accommodations, where possible. Defendants agree to make reasonable accommodations in their policies and practices when interacting with disabled patrons.

    iv.  Defendants shall maintain accessible feature, which includes training any new employees regarding their policies to accommodate disabled patrons.

c. **Timing**: All physical remedial measures shall be implemented within 12 months of the filing of this document. All policy measures will be implemented within 45 days of filing of this document. In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief, Defendants or its counsel will notify Plaintiffs' counsel in writing within seven (7) days of discovering the delay. Plaintiffs will have thirty (30) days to investigate and meet and confer with Defendants, and to approve the delay by stipulation or otherwise respond to Defendants' notice. If the Signing Parties cannot reach agreement regarding the delay within that time period, Plaintiffs may seek enforcement by the Court.

d. Defendants or defense counsel will notify Plaintiffs' counsel when the corrective work is completed, and, whether completed or not, will provide a status report to Plaintiff's counsel no later than January 1, 2022.

e. If Defendants fail to provide injunctive relief on the agreed upon timetable and/or fail to provide timely written status notification, and Plaintiffs file a motion with the Court to obtain compliance with these terms, Plaintiffs reserve the right to seek additional attorney's fees for any compliance work necessitated by Defendants' failure to keep this

- 4 -

>agreement. If the Parties disagree, the parties agree to participate in a Magistrate Judge-conducted Settlement Conference for the purposes of resolving the disputed fees. If the Settlement Conference fails to resolve the fee dispute, Plaintiffs may seek relief via motion for an order directing the Defendants to pay Plaintiffs' counsel reasonably incurred fees.

**DAMAGES, ATTORNEYS' FEES, LITIGATION EXPENSES, AND COSTS:**

6. The Parties have reached a separate settlement agreement regarding Plaintiffs' claims for damages, attorneys' fees, and litigation expenses, which agreement fully and finally resolves Plaintiffs' claims for damages, including attorneys' fees and litigation costs and expenses against Defendants. This settlement is also memorialized under seal by Magistrate Judge Delaney. The Parties jointly request that the Court retain jurisdiction to enforce that agreement.

7. Time is of the essence for this agreement. Delay in payment to Plaintiffs creates uncertainty for Plaintiffs and Plaintiff's counsel in resolving this matter. In the case of Plaintiffs' counsel, this may also mean spending time pursuing collections issues instead of representing disabled persons on other matters and advancing the public interest in making other sites accessible. In consideration of these issues, if Defendants do not pay both the Settlement Payment contemplated in this Agreement on or before the dates specified in this Agreement, Defendants agree to pay $250 per day for each day that payment is not received by Plaintiffs after a five-day grace period. If enforcement of the monetary terms of this agreement becomes necessary, Defendants agree that damages pursuant to this clause will be added to the settlement amount and any motion to enforce this agreement, motion for attorney fees in association with enforcement, and/or judgment entered by the Court.

8. The Parties have also executed a Stipulated Judgment outlining the monetary terms of the settlement which shall only be filed with the Court if Defendants fail to transmit payment of the monetary settlement as agreed to in the separate settlement agreement. Defendants understand that if they fail to make timely payments, Plaintiffs will file the

1  Stipulated Judgment and then move to attach any real property owned by Defendants until
2  payment is received.
3  **ENTIRE CONSENT DECREE AND ORDER:**
4      9.   This Consent Decree and Order constitute the entire agreement between the
5  signing Parties on the matters of injunctive relief, damages, attorneys' fees, litigation
6  expenses, and costs, and no other statement, promise, or agreement, either written or oral,
7  made by any of the Parties or agents of any of the Parties that is not contained in this written
8  Consent Decree and Order, shall be enforceable regarding the matters of injunctive relief
9  described herein.
10 **CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN
11 INTEREST:**
12     10.  This Consent Decree and Order shall be binding on Plaintiffs, Defendants, and
13 any successors-in-interest.  Defendants have a duty to so notify all such successors-in-interest
14 of the existence and terms of this Consent Decree and Order during the period of the Court's
15 jurisdiction of this Consent Decree and Order.
16     11.  Except for all obligations required in this Consent Decree and Order each of
17 the Parties to this Consent Decree and Order, on behalf of each of their respective agents,
18 representatives, predecessors, successors, heirs, partners, and assigns, releases and forever
19 discharges each other Party and all officers, directors, shareholders, subsidiaries, joint
20 venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance
21 carriers, heirs, predecessors, and representatives of each other Party, from all claims,
22 demands, actions, and causes of action of whatever kind or nature, presently known or
23 unknown, arising out of or in any way connected with the lawsuit.
24 **MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542:**
25     12.  Each of the Parties to this Consent Decree and Order understands and agrees
26 that there is a risk and possibility that, subsequent to the execution of this Consent Decree
27 and Order, any or all of them will incur, suffer, or experience some further loss or damage
28 with respect to the lawsuit that is unknown or unanticipated at the time this Consent Decree

and Order is signed. Except for all obligations required in this Consent Decree and Order, the Parties intend that this Consent Decree and Order apply to all such further loss with respect to the lawsuit, except those caused by the Parties subsequent to the execution of this Consent Decree and Order. Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions, and causes of action by the Parties to this Consent Decree with respect to the lawsuit, whether the same are known, unknown, or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

13. Except for all obligations required in this Consent Decree and Order each of the Parties to this Consent Decree and Order, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER:**

14. This Consent Decree and Order shall be in full force and effect for a period of eighteen (18) months after the date of entry of this Consent Decree and Order by the Court.

**SEVERABILITY:**

15. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

- 8 -

**SIGNATORIES BIND PARTIES:**

16. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and/or electronically and a facsimile signature shall have the same force and effect as an original signature.

**END OF PAGE.**
**SIGNATURES CONTINUE ON THE NEXT PAGE AND ORDER IS AT THE END OF THE DOCUMENT.**

| | | |
|---|---|---|
| 1 | Dated:  March 31, 2022 | PLAINTIFF ROBIN DUBNER |
| 2 | | |
| 3 | | */s/ Robin Dubner*<br>ROBIN DUBNER |
| 4 | | |
| 5 | Dated:  March 31, 2022 | PLAINTIFF SHELLEY SAMUELS |
| 6 | | |
| 7 | | */s/ Shelley Samuels*<br>SHELLEY SAMMUELS |
| 8 | | |
| 9 | Dated:  March 31, 2022 | DEFENDANT QUINCY FEATHER BED INN, INC. |
| 10 | | |
| 11 | | |
| 12 | | By: */s/ Shelley Hunter*<br>Print name: Shelley Hunter<br>Title: President |
| 13 | | |
| 14 | | |
| 15 | Dated:  March 31, 2022 | DEFENDANT SHELLEY HUNTER |
| 16 | | |
| 17 | | */s/ Shelley Hunter*<br>SHELLEY HUNTER |
| 18 | | |
| 19 | Dated:  March 31, 2022 | DEFENDANT COLIN BIRDSEYE |
| 20 | | |
| 21 | | */s/ Colin Birdseye*<br>COLIN BIRDSEYE |
| 22 | | |
| 23 | Approved as to form: | |
| 24 | Dated:  March 31, 2022 | REIN & CLEFTON |
| 25 | | |
| 26 | | */s/ Aaron M. Clefton* |
| 27 | | By:  AARON M. CLEFTON, ESQ.<br>Attorneys for Plaintiffs |
| 28 | | ROBIN DUBNER and SHELLEY SAMUELS |

- 9 -

CONSENT DECREE AND ORDER
Case No. 2:21-cv-01507-JAM-DB

1  Dated: March 31, 2022                    VAUGHAN & ASSOCIATES LAW OFFICE, APC

             /s/ Khushpreet R. Mehton
       By:  KHUSHPREET R. MEHTON, ESQ.
       Attorneys for Defendants
       QUINCY FEATHER BED INN, INC.; COLIN
       BIRDSEYE; and SHELLEY HUNTER

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED. The Clerk of the Court shall close this case.

DATED: April 12, 2022

/s/ DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.consent\dubner1507.stip.con.ord

CONSENT DECREE AND ORDER
Case No. 2:21-cv-01507-JAM-DB